IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIANNA LEE, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 10-3662 |
| VICTORIA'S SECRET, LLC | : | |

MEMORANDUM RE: AMENDED PETITION
FOR LEAVE TO COMPROMISE MINOR'S ACTION

**Baylson, J.**                                                                                                  **February 27, 2012**

**I.      Introduction**

Before the Court in this diversity jurisdiction[1] civil action is an Amended Petition for Leave to Compromise [a] Minor's Action (ECF No. 35), brought by the 's parents. For the reasons discussed in this Memorandum, the Court will GRANT the Amended Petition, except that counsel's fee will be set at thirty-five percent of the total settlement amount, instead of the forty percent fee he requested.

**II.     Factual and Procedural Background**

The case arose when the minor Plaintiff ("Plaintiff"), then six years old, allegedly slipped on a pair of shorts on the floor in a Victoria's Secret store and hit her chin on a metal clothing rack. Compl. ¶ 7; Ltr. from Dr. Daniel B. Westawski to Atty Gallant (Oct. 5, 2010), Ex. A. The accident caused a severe laceration to her chin and neck, necessitating a trip to the Emergency Room and resulting in a permanent scar, the appearance of which may be improved through

---

[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiffs are residents of Pennsylvania (Notice of Removal ¶ 3), Defendant is a Delaware Corporation with a principal place of business in Ohio (Notice of Removal ¶ 5), and Plaintiffs claimed damages in excess of $75,000.00 (Notice of Removal ¶ 6).

1

steroid injections, laser therapy, or a series of surgeries. Ex. A.

Under the terms of the proposed settlement, Plaintiff's counsel would receive forty percent of the total settlement, plus a small amount for reimbursement of costs.[2] Am. Pet. ¶¶ 8, 10.  An additional amount would go to the Rawlings Company as reimbursement for medical bills resulting from the accident. Am. Pet. ¶ 6; Am. Proposed Order at 1; Ltr. from Benjamin Jenks to Attny. Scott Gallant (Dec. 12, 2011), Ex. B. Plaintiff would receive the remainder. Am. Proposed Order at 1.

The amount of the requested counsel fees derives from the contingency fee agreement attached to the Amended Petition as Exhibit C. The signature on the contingent fee agreement is illegible, but the Court presumes Plaintiff's mother, Nicole Bloom, or father, Steven Lee, entered into the agreement. The agreement states that counsel "shall receive as compensation for services in the prosecution of this claim Forty Percent (40%) of the funds derived by settlement, suit or verdict." Contingent Fee Agreement, Ex. C.

Plaintiff's parents submitted the original Petition (ECF No. 31), with substantially similar terms to the Amended Petition,[3] on November 28, 2011. On December 12, 2011, the Court entered an Order (ECF No. 34) requiring Plaintiff's counsel to provide a Memorandum or Affidavit detailing the reasonableness of the proposed counsel fees.

---

[2] The Court will not disclose the exact terms of the settlement here, as the Petition and its supporting documents were filed under seal due to a confidentiality clause in the settlement agreement itself. See Motion to Place Petition for Leave to Compromise Minor's Action Under Seal, ECF No. 32.

[3] The Amended Petition proposes the same total settlement amount, as well as the same counsel fees and costs, as the original Petition. The only difference in settlement amounts is that the Amended Petition provides for an amount to go to the Rawlings Company, instead of Plaintiff, for a health care lien. See Am. Proposed Order; Am. Pet. ¶ 6.

In response, Plaintiff's counsel submitted a Memorandum arguing that the proposed counsel fee is reasonable in light of the time and effort spent litigating the matter, as well as the favorable result obtained for Plaintiff despite certain issues that arose as to liability. Memo. in Support of Plaintiff's Counsel's Request for Attorney's Fees ("Memo."), ECF No. 36.

On January 18, 2012, the Court sent counsel a letter asking him to detail the number of hours worked and the actual tasks carried out. Ltr. from Court to Counsel (Jan. 18, 2012). Counsel responded with an itemized billing statement on February 1, 2012. Ltr. from Attny. Scott Gallant to Court (Feb. 1, 2012).

**III.   Discussion**

    **A.   Legal Standards Requiring Court Approval of a Minor's Settlement**

This Court is charged with an important and inherent duty to protect the interests of minors who appear before it. <u>Nice v. Centennial Area Sch. Dist.</u>, 98 F. Supp. 2d 665, 667 (E.D. Pa. 2000). Accordingly, Rule 41.2(a) of the Local Rules of Civil Procedure for the Eastern District of Pennsylvania states that "[n]o claim of a minor . . . shall be compromised, settled, or dismissed unless approved by the court." Subsection (c) states that "[n]o counsel fee, costs or expenses shall be paid out of any fund obtained for a minor . . . as a result of a compromise, settlement, dismissal or judgment unless approved by the court."

Similarly, Pennsylvania Rule of Civil Procedure 2039(a) provides that "[n]o action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor." Subsection (b) states that "[w]hen a compromise or settlement has been so approved by the court, . . . the court, . . . shall make an order approving or disapproving any agreement entered into by the guardian for the

3

payment of counsel fees and other expenses out of the fund created by the compromise . . . ."

The local rule is procedural, and other federal judges applying it have looked to state law to determine the fairness of the proposed settlement. See, e.g. Calvert v. General Acc. Ins. Co., 2000 WL 124570, at *5 n.2 (E.D. Pa. 2000) and Nice, 98 F. Supp. 2d at 669. See also Bradley v. GMAC Ins. Co., 320 Fed. Appx. 125, 127 (3d Cir. 2008) ("Bradley II") (non-precedential) (upholding district court's order reducing attorney fees to be subtracted from minor's settlement after applying the factors set forth in Pa. R. Civ. P. 1716); Johnson v. Clearfield Area Sch. Dist., 319 F. Supp. 2d 583, 586 & n.2 (W.D. Pa. 2004) (applying state law despite similar local rule).

  **B.**  **Fairness of the Settlement Amount**

"In order to assure that the [minor's] best interests are protected, the petition [for approval of a settlement] should include all relevant facts and the reasons why the [minor's] guardian believes the settlement is desirable and why it is in the minor's best interests to settle the action." Johnson, 319 F. Supp. 2d at 587 (quoting Calvert, 2000 WL 124570 at *5) (internal quotation omitted). Relevant facts include "a description of the minor's physical and/or psychological condition, a statement and/or discussion regarding the minor's current physical and/or mental health needs, evidence of the extent of the minor's condition, and the need for future medical and/or psychological care, as well as future expenses." Id. Questions of causation and proof are also relevant to the analysis. Chambers v. Hiller, No. 88-3128, 1988 WL 130679, at *1 (E.D. Pa. Dec. 2, 1988). Ultimately, courts must assess "whether the settlement amount is fair and in the best interests of the minor." Henderson ex rel. Bethea v. Nationwide Mutual Ins. Co., No. 00-1215, 2001 WL 43648, *2 (E.D. Pa. Jan. 4, 2001). Courts should give "considerable weight" to the judgment of the parties and counsel, as they are "typically in the best position to

evaluate the settlement." Id. at *2.

Here, Plaintiff suffered a severe laceration to her chin, necessitating emergency room treatment. Her doctor represents that she has a permanent "E" shaped scar that is six centimeters wide by two and one half centimeters long. The doctor presented three options for improvement of the scar. He recommends a series of surgeries, with a potential additional cost for tissue expanders. Ex. A. It is unclear whether the costs of these procedures would be covered by medical insurance.

At the same time, Plaintiff's continuing injury—the scar—appears to be a cosmetic issue only. Her doctor states that she "has full active range of motion of the neck" and "has normal facial mimetics and no evidence of numbness along the region." Ex. A. She has "gone on to heal reasonably well." Id. Plaintiff's insurance covered all of her medical bills to date, including additional fees she personally owed, which are requested to be reimbursed to the Rawlings Company out of the settlement. See Pet. ¶ 6; Ex. B.

The Court also notes that a Motion for Summary Judgment was filed in this case (ECF No. 22), and credits Plaintiff's counsel's description of the various potential hurdles to establishing Defendant's liability. See Memo. at 2-3. While the Court makes no judgment on the summary judgment motion, it observes that in light of these obstacles Plaintiff may not have received any recovery in this case. The Court gives considerable weight to Plaintiff's counsel's assertion that the proposed settlement amount is "excellent" for Plaintiff, Memo. at 1, and the minor's parents' approval of the proposed settlement amount. Pet. ¶ 12.

After weighing these facts, the Court finds that the proposed total settlement amount is fair and reasonable.

### C. Reasonableness of Proposed Counsel Fees

There is no question that competent attorneys should be compensated for their services. Gilmore ex rel. Gilmore v. Dondero, 582 A.2d 1106, 1109 (Pa. Super. Ct. 1990) (quoting Edwards v. Dowingtown Area School Dist., 34 Ches. Co. Rep. 346, 347 (Chester Co. Ct. Comm. Pleas 1986)). Moreover, in evaluating the reasonableness of proposed counsel fees, courts should take into account the risk of non-payment attorneys run when accepting a case on a contingency fee basis. See id. at 1110. Nevertheless, "when compensation becomes so handsome as to constitute a patent windfall for a lawyer, to the unfair detriment of the minor, discretion is best exercised by decreasing that fee." Id. at 1109 (quoting Edwards, 34 Ches. Co. Rep. at 347).

Accordingly, a district court has discretion to adjust the amount of counsel fees to be subtracted from a settlement involving a minor even when a contingency arrangement is in place. Johnson, 319 F. Supp. 2d at 589 ("under Pennsylvania law, when a trial judge determines the amount of reasonable attorneys' fees in cases involving minors, the judge is not bound at all to the terms of a contingency agreement") (internal quotation omitted); Bradley v. GMAC Ins. Co., No. 03-5103, 2005 U.S. Dist. LEXIS 8638, at *2 (E.D. Pa. Mar. 23, 2005) ("Bradley I") ("The court has authority to review and/or modify a contingent fee agreement entered into with clients who are 'unable to bargain equally with their attorneys and who, as a result, are especially vulnerable to overreaching.'"); Bradley II, 320 Fed. Appx. at 127-28 ("The local rule applied here places the decision of what fee is appropriate at the discretion of the District Court."); Polselli v. Nationwide Mut. Fire Ins. Co., 126 F.3d 524, 533 n.11 (3d Cir. 1997) (Third Circuit reviews reasonableness of attorneys' fees for abuse of discretion by the district court).

When evaluating a proposed settlement of the claims of an incompetent person,[4] Judge Pollak turned to Pennsylvania Rule of Civil Procedure 1716 for the factors to guide him in determining whether the requested counsel fee was reasonable. Bradley I, 2005 U.S. Dist. LEXIS 8638 at *2. The relevant factors were:

(1) the time and effort reasonably expended by the attorney in the litigation;

(2) the quality of the services rendered;

(3) the results achieved and benefits conferred upon the class or upon the public;

(4) the magnitude, complexity and uniqueness of the litigation; and

(5) whether the receipt of a fee was contingent on success.

Id. (citing Pa. R. Civ. P. 1716). See also Bradley II, 320 Fed. Appx. at 127-28 (upholding Judge Pollak's order).

Other courts applying the Pennsylvania Rule have applied a similar set of factors when evaluating the reasonableness of the fees counsel proposes to deduct from a minor's settlement. The first step, as promulgated in Gilmore, 582 A.2d at 1109-10, is to determine "whether the court of common pleas in the county with jurisdiction over the minor has adopted a presumptive lodestar for fees involving the settlement of a minor's claims." Johnson, 319 F. Supp. 2d at 589 (internal footnote omitted) (quoting Nice, 98 F. Supp. 2d at 670). If a presumptive lodestar exists, the court "may adjust that lodestar depending on the effectiveness of the counsel's performance

---

[4] Curiously, Judge Pollak's decision describes the plaintiff as an incapacitated adult, Bradley I, 2005 U.S. Dist. LEXIS 8638 at *1, whereas the non-precedential Third Circuit decision affirming Judge Pollak's order of attorney's fees states that the plaintiff was a minor. Bradley II, 320 Fed. Appx. at 126. Even if the plaintiff in the Bradley cases were an incapacitated adult and not a minor, the principles providing the district court discretion in awarding attorney's fees in cases where the plaintiff has unequal bargaining power are still instructive to this Court.

under the circumstances." Id. If no presumptive lodestar exists, or in assessing whether to adjust the presumptive lodestar, the Court should consider the following factors:

"(1) the amount of work performed;

(2) the character of the services rendered;

(3) the difficulty of the problems involved;

(4) the importance of the litigation;

(5) the degree of responsibility incurred;

(6) whether the fund involved was "created" by the attorney;

(7) the professional skill and standing of the attorney in her profession;

(8) the result the attorney was able to obtain;

(9) the ability of the client to pay a reasonable fee for the services rendered; and

(10) 'very importantly' the amount of money in question."

Johnson, 319 F. Supp. 2d at 590-91 (citing Nice, 98 F. Supp. 2d at 671).

Plaintiff originally filed this case in the Court of Common Pleas of Philadelphia County. Notice of Removal, ECF No. 1. The presumptive lodestar in Philadelphia county is one-third. Henderson, 2001 WL 43648 at *2 (citing Phila. R. Civ. P. 2039.2(F)). In deciding whether Plaintiff's counsel is entitled to the requested upward adjustment from this presumptive lodestar, the Court will apply the factors cited in Johnson, listed above. Because a panel of the Third Circuit upheld Judge Pollak's application of the Rule 1716 factors, and because Rule 1716 directs courts to consider its factors "[i]n all cases where the court is authorized under applicable law to fix the amount of counsel fees," Pa. R. Civ. P. 1716 (emphasis added), the Court will simultaneously apply these substantially similar factors.

Counsel has stated that he "expended quite a bit of time and effort in the litigation of this matter including completing several depositions, attending multiple settlement conferences, engaging countless telephone call and conference calls, and volleying correspondence." Memo. at 1. Counsel also describes the various stages of the litigation, strategies he advanced, and obstacles he encountered when litigating the case. Memo. at 2-4. Plaintiff's counsel states that he recorded, in one-tenth hour increments, 77 hours worked in this case. Ltr. from Attny. Scott Gallant to Court (Feb. 1, 2012). The Court has reviewed the itemized billing statement provided by counsel and finds the described activities to be reasonable. Notably, Plaintiff's counsel drafted the Complaint and Amended Complaint, took deposition testimony, responded to a summary judgment Motion (albeit through a rather short Memorandum of Law), and participated in two settlement conferences with Judge Strawbridge. As noted above, Plaintiff's counsel's Memo describes various difficulties that arose with establishing Defendants' liability, and there was a possibility that Plaintiff might not have received any recovery in this case. Plaintiff's counsel "created" the fund in question through his negotiations and other legal work on behalf of Plaintiff and the ultimate settlement amount represents a good result for Plaintiff.

Plaintiff's counsel provided the Court with his usual hourly rate, which he represents is "fair and reasonable in this area for an attorney with [his] years of experience in litigating personal injury matters with the level of complexity involved in this matter." Ltr. from Attny. Scott Gallant to Court (Feb. 1, 2012). Applying the stated fee to the number of hours expended by counsel in this case would result in a fee greater than that requested by counsel here. The Court also takes into account the fact that counsel here billed on a contingency fee basis and therefore took a risk that he might not receive any payment for his services.

Nevertheless, there are factors that weigh against counsel obtaining a fee seven percent higher than the presumptive lodestar of one-third. While the Court of course considers all cases important, and recognizes its special duty with respect to civil actions initiated on behalf of minors, the Court finds nothing that sets this case apart as particularly noteworthy. It is a relatively simple personal injury case and not especially complex, unique, or important to the public at large. No novel theories of law were presented and no highly-specialized knowledge or skill was required to litigate the case successfully.

Weighing all these factors, the Court concludes that Plaintiff's counsel is entitled to a small upward departure from the presumptive lodestar of one-third. Plaintiff's counsel worked hard to obtain a good result for Plaintiff, but this case is not so complex or difficult to litigate to justify an upward departure to forty percent. Rather, the Court believes a thirty-five percent counsel fee is fair and reasonable in this case. The Court shall therefore order that counsel receive a fee of thirty-five percent of the total settlement amount.

Finally, the Court also finds that counsel's itemized costs are reasonable and that it is reasonable to take the health care lien out of the settlement funds.

## IV.   CONCLUSION

For the reasons detailed above, the Amended Petition for Leave to Compromise [a] Minor's Action (ECF No. 35) will be GRANTED, except that counsel will be awarded a fee of thirty-five percent of the total settlement amount, and not the forty percent fee award he requested.

An appropriate Order follows.

s/Michael M. Baylson, U.S.D.J.

O:\CIVIL 09-10\10-3662 Lee v. Victoria\10-3662 Revised MEMO Lee Am. Pet. Settlement.wpd